UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MELENDEZ,

                Plaintiff,

      v.

JOHN S. FALLS, et al.,

                Defendants.
_____

DECISION & ORDER

06-CV-6198P

        Plaintiff Michael Melendez ("Melendez") filed this action *pro se* under 42 U.S.C. §1983 against various employees of the Attica Correctional Facility alleging that defendants violated his constitutional rights by, *inter alia*, subjecting him to excessive force on April 15, 2004, and retaliating against him for exercising his legal rights. (Docket #1). Currently pending before this Court are two motions: the first, filed by Melendez, is a motion for an extension of time to complete discovery (Docket # 44); the second, filed by defendants, is a motion for reconsideration of the Court's decision granting Melendez leave to amend his complaint (Docket # 51).

        I turn first to defendants' motion to reconsider. Plaintiff's original complaint alleged that defendant "John Doe II," an investigator who had responsibility for investigating and preparing a report on the April 15, 2004 incident, filed a false report in order to cover up the alleged excessive force used against plaintiff and retaliate against him for complaining about the alleged assault. (Docket # 1). The district court screened plaintiff's original complaint pursuant to the Prisoner Litigation Reform Act and permitted the claims against "John Doe II" to proceed,

directing Melendez to identify "John Doe II" as soon as possible.  (Docket # 5).  Subsequently, this Court granted Melendez's motion to amend his complaint to identify "John Doe II" as T. Wall and add him as a defendant.  (Docket # 50).

Defendants now move this Court to reconsider its decision, alleging that the Court "overlooked matters that might reasonably be expected to alter the conclusion [the Court] reached."  (Docket # 51).  Defendants allege that the Court failed to consider in its decision defendants' argument that Melendez's motion to amend his complaint should have been denied because his allegations against Wall are conclusory and, therefore, futile.  (*Id*.).  Specifically, defendants maintain that "plaintiff's conclusory allegation that Wall submitted a false report fail[s] to state a claim under 12(b)(6)."  (*Id.* at ¶ 3).

Although "[t]here is . . . no constitutional right to an investigation by government officials," *Stone v. Dep't of Investigation of New York*, 1992 WL 25202, *2  (S.D.N.Y. 1992) (citing *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985); *Chapman v. Musich*, 726 F.2d 405 (8th Cir.), *cert. denied*, 469 U.S. 931 (1984)), courts do recognize an "inadequate investigation as sufficient to state a civil rights claim [when] there was another recognized constitutional right involved." *Gomez v. Whitney*, 757 F.2d at 1006.  In other words, where, as here, the plaintiff alleges that the investigation was falsified for the purpose of retaliating against him for the exercise of his legal rights, such a claim may proceed.  *See Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988) ("An act in retaliation for the exercise of a constitutional right is actionable under section 1983 even if the act, when taken for different reasons, would have been proper") (internal quotations omitted).  In this case, like the district judge, I find that Melendez's allegation that Wall falsified the investigation report in order to interfere with and punish Melendez's exercise

of his First Amendment right to pursue a grievance for excessive force under the Eighth Amendment properly states a claim. Therefore, defendants' motion to reconsider is denied.

Turning now to Melendez's request for an extension of time to complete discovery, the deadlines in the initial scheduling order for motions to compel and the completion of fact discovery were January 31, 2008 and February 29, 2008, respectively. (Docket # 20). On March 17, 2008, this Court received a letter from Melendez requesting an extension of the discovery deadlines. This Court denied Melendez's request without prejudice and directed him to file a formal motion, which he did on April 29, 2008. (Docket ## 43, 44). Melendez now requests additional time to complete discovery, citing unresolved disputes with defendants over his first set of interrogatories to which defendants did not fully respond until March 20, 2008, and a second set of interrogatories and requests for production served on February 18, 2008, to which defendants have yet to respond. (Docket # 44). Accordingly, the plaintiff requests an additional sixty days to complete discovery, and thirty days beyond the discovery deadline to submit motions to compel. (*Id*. at ¶ 21).

Defendants do not oppose Melendez's motion, but suggest that Melendez's further discovery be limited to the second set of interrogatories and document requests. (Docket # 47 at ¶ 5). Defendants additionally request ninety days following the completion of discovery to file dispositive motions. (*Id*. at 6).

I find Melendez's request to resolve the outstanding issues regarding discovery and the deadlines proposed by the parties both to be reasonable. Therefore, plaintiff's motion for an extension to complete discovery **(Docket # 44)** is **GRANTED** and defendants' motion for reconsideration **(Docket # 51)** is **DENIED**; and it is further

3

ORDERED, that the deadlines shall be amended as follows:

1. Defendants shall respond to plaintiff's second set of interrogatories and requests for production by **March 27, 2009**.

2. All discovery in this case shall conclude on **April 27, 2009**. All motions to compel discovery shall be made returnable on or before **May 27, 2009**.

3. All dispositive motions shall be filed no later than **July 27, 2009**. **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

4. Responding papers are due by **August 27, 2009**. Reply papers, if any, shall be filed by **September 11, 2009**. The motion will be taken under advisement without oral argument.

5. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                             MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       March   2  , 2009

## *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.**